CHRISTOPHER H. KNAUF (SBN 185180)
ck@drlcenter.org
JULIE STROMBERG (SBN 259815)
js@drlcenter.org
DISABILITY RIGHTS LEGAL CENTER
1541 Wilshire Blvd., Suite 400
Los Angeles, California 90017
Telephone: (213) 736-1031; Facsimile: (213) 736-1428

JONATHAN A. PATCHEN (SBN 237346)
jonathan.patchen@bakerbotts.com
CHERYL A. CAULEY (SBN 252262)
cheryl.cauley@bakerbotts.com
TANIA L. RICE (SBN 294387)
tania.rice@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone:    (415) 291-6200

Attorneys for Plaintiff Nikole White

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLE WHITE, an individual<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity; and DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-10438<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)<br><br>2. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.)<br><br>JURY TRIAL REQUESTED |

# INTRODUCTION

1. Plaintiff Nikole White ("Plaintiff") brings this action against Defendant Los Angeles Unified School District ("LAUSD" or the "District") under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., to remedy discrimination she suffered when the District failed to accommodate her known disabilities, preventing her from graduating with her classmates.

2. Despite knowing that Plaintiff – for years – had a qualifying disability and a Section 504 accommodations plan in place, while a student at Grover Cleveland Charter High School, LAUSD instructors and administration failed to implement those accommodations as required during Plaintiff's final semester of high school. LAUSD knowingly, improperly, and with deliberate indifference, discriminated against Plaintiff by reason of her disability, by failing to take simple, no-cost, reasonable measures to accommodate her disability that LAUSD had previously implemented.

3. These failures, and the improper denials of Plaintiff's valid appeals, caused Plaintiff to fail an English Literature course in her final semester, and denied her the honor and memory of a lifetime – to walk with her classmates at her graduation ceremony.

4. As alleged herein, LAUSD failed to provide the education of a person with a disability that was equal to the educational program provided to her non-disabled peers and caused her lasting emotional harm.

5. Defendant LAUSD acted with deliberate indifference, knowing that Plaintiff's accommodations were required by and protected under federal law, in failing to respond appropriately even when repeatedly notified by Plaintiff and her parents that Plaintiff's accommodations were not being made available.

6. Plaintiff continues to suffer the results of the discriminatory acts perpetrated and/or permitted by the District in ongoing emotional distress and economic impacts.

7. Plaintiff hereby brings this action for damages and injunctive relief under federal law and demands a jury trial for the claims alleged herein.

**JURISDICTION AND VENUE**

8.  This action is brought pursuant to Title II of the Americans with Disabilities Act, 42 USC § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 USC § 794 *et seq.*  This court has jurisdiction under 28 USC § 1331 for these federal claims.

9.  The actions giving rise to this complaint took place in Reseda, Los Angeles County, California, and Defendant's principal place of business is Los Angeles County.  Thus, the Central District of California is the proper venue pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

10.  Plaintiff Nikole White, at all times relevant to this Complaint, has been a person with a disability within the meaning of the ADA and Section 504, and has resided with her parents in Los Angeles County, California.

11.  Defendant LAUSD is a public school district located in Los Angeles County, California.  Cleveland High School, where Plaintiff attended and the events that gave rise to this Complaint occurred, is a public high school within LAUSD. Defendant is sued in its own right and on the basis of the acts of its officials, agents, and employees. At all relevant times, Defendant was responsible for ensuring that its officials, agents, and employees obeyed the U.S. Constitution and the laws of the United States and of California.

12.  Defendant DOES 1 through 10 are individuals and/or entities who at all relevant times were employees, officers, contractors, parent entities, alter egos, and/or agents of LAUSD, who bear some responsibility for the actions alleged in this complaint.  Their identities are not yet known such that Plaintiff will amend this Complaint upon learning their identities.

13.  At all relevant times, Plaintiff is informed and believes that all Defendants, and each of them, were acting in concert with each other and were the agent, principal, subsidiary, representative, alter ego, officer, employer, employee, manager, director, shareholder, partner, co-conspirator, aider and abettor, and fiduciary in proximately causing the injuries and damages alleged herein.

14. At all relevant times, all Defendants and each of them were legally responsible to Plaintiff for each of their co-Defendants' wrongs, acts, and omissions alleged herein as though they had each committed each act themselves, and at all times authorized, directed, and ratified the acts and omissions of each remaining defendant.

## FACTUAL ALLEGATIONS

15. At all times relevant to this Complaint, Plaintiff has had chronic and debilitating migraines. Plaintiff was first diagnosed with migraines in middle school.

16. Plaintiff estimates that she experiences a debilitating migraine on average three times per week. On average, Plaintiff's migraines last approximately four hours, during which time she is unable to function at all and must remain often curled up in bed in low light until the symptoms subside. Her migraines are incredibly debilitating and accompanied by nausea, dizziness, and light and sound sensitivity. She is unable to do anything whatsoever, much less schoolwork, during her migraines, including walk, eat, and/or concentrate.

17. During the 2018-2019 school year, Plaintiff was hospitalized twice due to her migraines, resulting in approximately ten days of missed school.

18. Plaintiff had daily headaches and migraines three times per week throughout her enrollment at Cleveland HS. At the end of her freshman year, Plaintiff and her parents requested a Section 504 Plan, seeking accommodations for her disability. As a result of her request, LAUSD assessed Plaintiff and found her eligible for a Section 504 Plan as a student with a verified disability.

19. At all times relevant to this Complaint, Plaintiff has been eligible for Section 504 disability accommodations, and had a 504 Plan in place continuously from the end of her freshman year until her completion of high school.

20. As a result of her disability and 504 Plan, LAUSD allowed Plaintiff an alternate school schedule (four classes on campus, and two classes online). The AP Literature class at issue was an in-person class.

21. Plaintiff relied on her Section 504 Plan accommodations to allow her a level playing field, allowing her to meaningfully access her education, complete the curriculum, and appropriately demonstrate her knowledge and skills.

22. Plaintiff's Section 504 Plan was in place during the 2018-2019 school year, and included the following accommodations:

  a. Allowing Plaintiff to use the restroom as needed and hydrate when necessary;
  b. Allowing Plaintiff to rest in a safe place at the onset of migraines;
  c. Excusing or allowing a make-up or redo of any assignment not completed due to absences caused by migraines;
  d. Providing extra time by 100% on tests, quizzes, classwork, homework, projects and Interdisciplinary Unit Exams ("IUE's");
  e. Enrolling Plaintiff in four on-site classes and two online classes throughout high school;
  f. Providing tutoring or making class notes available when needed;
  g. Allowing Plaintiff to rest during PE at the onset of migraines.

23. According to Plaintiff's 504 Plan, each of the listed accommodations were to be implemented by Plaintiff's teachers, other than the issue of enrollment, which was to be implemented by the school counselor. In particular, Plaintiff's teachers were to implement the accommodations relating to excusing or allowing make-ups of assignments missed due to absences caused by migraines. Similarly, Plaintiff's teachers were also required to implement the accommodation of 100% extended time on graded evaluations, including tests, quizzes, classwork, homework, projects and IUEs.

24. Plaintiff matriculated to her senior year on track to graduate with her peers. She was only able to meet all requirements for typical on-time graduation because of her 504 Plan accommodations.

25. As with her other years of high school, throughout the 2018-2019 (Plaintiff's senior) school year, Plaintiff experienced chronic, painful, and debilitating migraines. Plaintiff was absent 1-3 times per week as a result of these severe and debilitating migraines.

26. As always, when she experienced severe migraines, the pain and debilitating effects prevented Plaintiff from being able to attend class or complete assignments because her medical condition required her to rest.

27. During the 2018-2019 school year, Plaintiff was hospitalized twice for inpatient migraine treatments, for a total of approximately 10 days.

28. Plaintiff is a bright and talented student. She performed at a high level, taking and passing various Advanced Placement classes. During the 2018-2019 school year, Plaintiff was enrolled in Advanced Placement Literature ("AP Literature"); her teacher was Jessica Peroff.

29. Despite Plaintiff's ongoing and disabling medical condition and the long-standing 504 Plan, Plaintiff's AP Literature teacher repeatedly failed to implement the required accommodations. Even when confronted by Plaintiff's parents, Ms. Peroff knowingly and deliberately failed to implement Plaintiff's 504 Plan.

30. In particular, Plaintiff's AP Literature teacher failed to excuse assignments and/or provide opportunities to redo or make up assignments or points due to Plaintiff's absences caused by her migraines, including hospitalizations for her migraine treatment. Plaintiff estimates that she was not permitted to redo or make up approximately 12 assignments and/or tests and exams.

31. On or about February 6, 2019, when most or all of the class received poor grades on a particular test, the teacher provided the rest of the class the opportunity of a retake test. Plaintiff was absent on the day of the retake test due to a migraine, and the teacher again denied Plaintiff another opportunity to retake the test – an opportunity that was provided to the rest of the class. The teacher also denied Plaintiff's request to make up points through an alternative evaluation or assignment. As such, Plaintiff received no credit, in violation of Plaintiff's 504 Plan, and substantially lowering her grade in the class.

32. On or about May 6, 2019, Plaintiff missed a mock AP Exam in the AP Literature class when she was absent as a result of a migraine. In violation of her 504 Plan, Plaintiff was not excused from this exam, and was given no opportunity to take the exam at an alternative time or otherwise redo or make up points from the exam --- again in violation of her 504 Plan. As a result, Plaintiff unfairly received zero points on this exam, again substantially lowering her grade in the class.

33. Additionally, Plaintiff's AP Literature teacher marked her down between 25% to 50% in class participation, both for specific assignments and for overall class participation, because of Plaintiff's absences that were a result of her disability. Despite her request, Plaintiff was given no opportunity to make up any participation points due to her migraine-related absences. As such, Plaintiff's grade was again substantially lowered by the teacher's refusal to grant the accommodations afforded by Plaintiff's Section 504 Plan.

34. Finally, Plaintiff was given a grade of zero on the final term paper at the end of the school year, which was weighted as 10% of the overall grade. Although the final term paper was due on May 7, 2019, Plaintiff had until the end of June 2019 to submit her term paper in accordance with her 504 Plan. Plaintiff submitted the bulk of her term paper earlier than her 504 Plan permitted and attempted to turn in a bibliography the next day—still well within the timeframe permitted under her 504 Plan. Plaintiff's teacher refused to accept the bibliography and improperly accused Plaintiff of plagiarism. As a result, the AP Literature teacher gave Plaintiff zero points on the final term paper, once again substantially lowering her grade in the class.

35. As a result of the foregoing, Plaintiff failed the AP Literature class. This denied Plaintiff the academic credit needed to graduate on-time with her classmates.

36. Moreover, Plaintiff and her Parents learned only a few days before graduation, on June 3, 2019, that Plaintiff would fail the AP Literature class, providing little time for them to address the issue with the District.

37. On June 4, 2019, Plaintiff's AP Literature teacher, a school counselor, and a school administrator had a conference call with Parent to discuss the AP English Literature class. The

District staff refused to acknowledge the failure to implement Plaintiff's Section 504 accommodations, nor offered Plaintiff any opportunity to increase her grade to allow her to participate in graduation.

38. Plaintiff then appealed her Literature grade and appealed to the Graduation Appeals Committee to allow her to participate in the graduation ceremony. Plaintiff emailed the Committee regarding the AP Literature teacher's failure to implement Plaintiff's 504 Plan and that, if adjusted to conform to the Section 504 Plan, Plaintiff would have a low, albeit passing grade and would be allowed to graduate.

39. On June 6, 2019, the Committee emailed Plaintiff that they would uphold the District's decision to deny Plaintiff the opportunity to participate in the graduation ceremony, scheduled for the same day at 6 p.m., and offered Plaintiff summer school to complete her graduation requirements.

40. Plaintiff did not attend her high school graduation with her classmates on June 6, 2019.

41. Plaintiff completed summer school and graduated on August 1, 2019.

42. On August 29, 2019, Plaintiff's former principal emailed her denying her grade appeal. No explanation for the grade nor the teacher's position were offered.

43. On September 03, 2019, Plaintiff's parent emailed the Principal requesting additional information regarding the AP Literature teacher's response to the Grade Appeal and a full explanation as to the District's decision based on its own policies and procedures.

44. On September 9, 2019, the Principal emailed the AP Literature teacher's response to the Grade Appeal, which was a form denial and contained no information or explanation for her denial, and informed her that, per Plaintiff's request, the appeal has moved to the next level.

45. On October 24, 2019, the Principal emailed Plaintiff's parent informing her that Plaintiff's appeal was denied, and that the District had sent a letter to that effect the week prior. Once again, the Principal provided no information or explanation for the denial.

46. The stress, anxiety, and effects of her experience in the Literature class exacerbated Plaintiff's migraines, caused her to miss school, and feel excluded from her peer group. Plaintiff felt betrayed by Defendant and continues to feel the effects of her experience every day.

47. Defendant knew or should have known that failing to implement Plaintiff's 504 Plan and refusing to allow her to walk with her non-disabled peers would result in mental and emotional harm to Plaintiff. These events created a hostile learning environment, which further exacerbated Plaintiff's disability especially because she was forced to prolong her high school career by attending summer school in order to later graduate in August 2019.

48. This experience of being denied equal access to a public education and the opportunity to graduate alongside her high school classmates has caused Plaintiff stress, embarrassment, anguish, humiliation and emotional distress. High school graduations are recognized as one of life's major milestones, signifying the culmination of students' academic achievements. At high school graduation ceremonies, students not only look forward to receiving their diplomas, they also look forward to celebrating this milestone alongside their classmates. As such, the District's refusal to allow Plaintiff to participate in her class' graduation ceremony – due to its own failure to implement the 504 Plan – inflicted significant emotional harm on Plaintiff.

49. Plaintiff has made every effort to resolve this matter prior to filing this action.

50. On February 4, 2020, Plaintiff filed a Section 504 complaint requesting mediation with LAUSD's Educational Equity Compliance Office (EECO) regarding the issues and events underlying this Complaint.

51. On February 5, 2020, LAUSD rejected Plaintiff's Complaint stating: "After thorough review of your complaint, it has been determined that the above-referenced claims will not be investigated by the EECO under the Uniform Complaint Procedures (UCP) process because they are time-barred by the six-month statute of limitations, per the regulations governing the UCP process."

52. After informal communication with the District, the District's Chief Education and Litigation Counsel wrote to Plaintiff's counsel that the District is "researching ways to resolve and will get back to you next week." Plaintiff's counsel never heard back from the District.

53. On June 4, 2020, Plaintiff served on LAUSD an Amended Section 504 Complaint for consideration, which is their institutional form for complaints regarding Section 504 violations. Plaintiff's Section 504 Complaint was amended to reflect her status as an adult and to reiterate her request a Section 504 administrative hearing and mediation.

54. On June 5, 2020, the District, once again, rejected Plaintiff's Section 504 Complaint based on LAUSD's arbitrary internal six-month limitations period for Section 504 discrimination claims.

55. Plaintiff at no time has been a student subject to the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400 *et seq.*) and does not allege she was denied any special education or any related services under the IDEA. None of the remedies Plaintiff seeks are available under the IDEA. To the extent any administrative remedies apply, Plaintiff adequately exhausted them.

**FIRST CLAIM FOR RELIEF**

AMERICANS WITH DISABILITIES ACT

(42 U.S.C. § 12131 *et seq.*)

56. Plaintiff incorporates by reference the allegations of all preceding paragraphs.

57. The purposes of the ADA and Section 504 of the Rehabilitation Act are to provide people with disabilities equal access to public accommodations and services and to provide monetary compensation when that access is denied.

58. Title II of the Americans with Disabilities Act requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

59. At all times relevant to this action, LAUSD was and is a public entity within the meaning of Title II of the ADA and provides educational instruction and services to all students of appropriate age who reside within the school district boundaries.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs or activities provided by LAUSD.

61. LAUSD failed to provide reasonable accommodations to the Plaintiff, as delineated in Plaintiff's Section 504 Plan, and failed to provide Plaintiff a level playing field and an equal educational opportunity as her non-disabled peers.

62. As a direct and proximate result of LAUSD's violations of Title II of the ADA, Plaintiff was injured as set forth herein.

63. At all times relevant to this complaint, LAUSD had notice that accommodations were required, put in place a specific written plan describing said accommodations and deliberately and repeatedly failed to act upon that knowledge.

64. Accordingly, Plaintiff seeks injunctive relief, damages, and her reasonable attorneys' fees and costs, as provided by law. 42 U.S.C. § 12133.

**SECOND CLAIM FOR RELIEF**

VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

(29 U.S.C. § 794 et seq.)

65. Plaintiff incorporates by reference the allegations of all preceding paragraphs.

66. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit discrimination against people with disabilities by recipients of federal funding.

67. Section 504 provides, in pertinent part:

> No otherwise qualified handicapped individual . . . shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance [. . .]

68. LAUSD has received substantial federal financial assistance at all relevant times.

69. Plaintiff is an otherwise qualified handicapped individual within the meaning of Section 504 of the Rehabilitation Act.

70. LAUSD has discriminated against Plaintiff in programs and activities receiving federal financial assistance solely because of her disability, by failing to offer reasonable accommodations, failing to provide Plaintiff an equal educational opportunity as her peers, and creating and supporting a hostile learning environment in violation of 29 U.S.C. § 794 and the regulations promulgated thereunder.

71. During the 2018-2019 school year, LAUSD failed to implement the accommodations set forth in Plaintiff's 504 Plan, which were there to provide Plaintiff with equal access to the benefits of a public school education. Specifically, LAUSD failed to properly implement the provision that required teachers to excuse or allow a redo of any assignment missed due to absences caused by migraines, and provide extra time by 100% on tests, quizzes, classwork, homework, projects and IUE's.

72. As a proximate result of LAUSD's violations of Section 504 of the Rehabilitation Act of 1973, the Plaintiff has been injured as set forth herein.

73. At times relevant to this Complaint, LAUSD had notice that reasonable accommodations were available to the Plaintiff and deliberately failed to act upon that knowledge.

74. Section 504 adopts the remedies available under Section 504. 43 U.S.C. § 12133. *See generally U.S. Dept. of Ed., Office of Civil Rights*, "Protecting Students with Disabilities: Frequently Asked Questions About Section 504 and the Education of Children with Disabilities," retrieved Oct. 16, 2020, from https://www.2ed.gov/about/offices/list/ocr/504faq.html.

//

//

//

**PRAYER FOR RELIEF**

Plaintiff hereby prays for judgment against Defendants according to proof on all claims for relief as follows:

1. Permanent injunctive relief;

2. A judgment in favor of Plaintiff in an amount of economic and non-economic money damages to be proven at trial;

3. An award of Plaintiff's attorneys' fees and costs, pursuant to 29 U.S.C. § 794(b), 42 U.S.C. § 12133 and 42 U.S.C. § 12205; and

4. All such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 13, 2020                    BAKER BOTTS LLP

DISABILITY RIGHTS LEGAL CENTER

_____
JONATHAN A. PATCHEN

Attorneys for Plaintiff Nikole White

# PRAYER FOR RELIEF

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Respectfully submitted,

Dated:  November 13, 2020

BAKER BOTTS LLP

DISABILITY RIGHTS LEGAL CENTER

JONATHAN A. PATCHEN

Attorneys for Plaintiff Nikole White